IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ISIDRO ZARAATE VALENTE,       )
                              )
         Petitioner,          )
                              )
    v.                        )    1:16CV981
                              )
FRANK L. PERRY,               )
                              )
         Respondent.          )

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Respondent has filed an answer (Docket Entry 3), a motion for summary judgment (Docket Entry 4), and a brief in support of the motion for summary judgment (Docket Entry 5). Petitioner then filed a response (Docket Entry 7), a supporting brief (Docket Entry 8), an affidavit (Docket Entry 9), and a motion to expand the record (Docket Entry 10). This matter is now prepared for a ruling.

## Background

On January 8, 2013, in Superior Court, Rockingham County, Petitioner pled guilty to attempted murder, assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), and malicious assault in a secret manner. (Docket Entry 5, Ex. 1.) Petitioner was sentenced to consecutive terms of 157 to 198 and 25 to 39 months of imprisonment. (Id., Ex. 2.) Petitioner did not appeal (Docket Entry 1, § 8), but instead filed a motion for appropriate relief ("MAR") in Superior Court, Rockingham County on January 6, 2016. (Docket Entry 5, Ex. 4.) It was denied on January 13, 2016. (Id., Ex. 5.) On January

27, 2016, Petitioner filed a request for leave to amend his MAR, which was denied the next day. (*Id.*, Exs. 6-7.) On February 17, 2016, Petitioner field a petition for writ of certiorari in the North Carolina Court of Appeals, which was dismissed for failure to attach supporting documents on February 29, 2016. (*Id.*, Exs. 8, 10.) Petitioner then filed his federal habeas petition in this Court on July 13, 2016 after executing it on July 11, 2016. (Docket Entry 1.)

## Petitioner's Claims

Petitioner contends: (1) his conviction violates his constitutional rights because his lawyer Mr. Hux failed to disclose to him the medical doctor's letters, before the plea agreement, which showed the victim's injuries were not serious enough or were intended to cause death, and counsel allowed him to plead guilty to attempted murder and AWDWIKISI; (2) trial counsel violated Petitioner's constitutional rights by failing to inform the court of the mitigating evidence from the doctor's report that would have given a factual basis for only a charge of assault with a deadly weapon inflicting serious injury, negating the attempted murder and intent to kill charges; (3) the plea was not made intelligently or understanding the elements of the offenses or the consequences of the plea regarding sentences, because counsel advised him to enter the plea to attempted murder and AWDWIKISI, when the medical evidence showed these charges were not supported by the evidence, and the undisclosed medical evidence negates the charges and sentences; and (4) the trial court lacked personal and subject matter jurisdiction because Petitioner and the victim were at the time illegal aliens and therefore not subject to the laws of the state or state or federal constitutions, but only subject to the venue of the immigration courts. (Docket Entry 1, § 12, Grounds One through Four.)

## Standard of Review

Where a state trial court adjudicates a petitioner's claims on their merits, this Court must apply 28 U.S.C. § 2254(d)'s highly deferential standard of review to such claims. That statute precludes habeas relief in cases where a state court has considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as set out by the United States Supreme Court or the state court decision was based on an unreasonable determination of the facts. A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "Unreasonable" does not mean just "incorrect" or "erroneous" and the Court must judge the reasonableness from an objective standpoint. *Id.* at 409-11. State court factual findings are presumptively correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## Discussion

Respondent first argues that the Petition is time-barred under 28 U.S.C. § 2244(d). (Docket Entry 5 at 10-17.) Although Respondent's arguments concerning the timeliness of the Petition may have merit, they involve somewhat complicated issues. The grounds set out in Respondent's summary judgment brief present no such difficulties. Moreover, the

3

limitation period in § 2244(d) is not jurisdictional, so the Court need not consider it before proceeding to other arguments. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002).[1]

### Grounds One through Three

Petitioner's first three grounds for relief overlap and will therefore be considered together. The essence of these arguments is that Petitioner's counsel was constitutionally ineffective by allegedly failing to divulge to him prior to his guilty plea medical evidence demonstrating that there was an insufficient factual basis to support a guilty plea to the charges of attempted first-degree murder and AWDWIKISI.

More specifically, Petitioner's first ground for relief is that his convictions violate the Fifth, Sixth, and Fourteenth Amendments because:

> [t]rial counsel Mr. Douglas R. Hux failed to disclose the medical doctors letters, before the plea agreement, which was material to the charges where the doctors conclusion regarding the physical evidence show that the injuries inflicted upon the victim were not serious enough or were intended to cause death or made with the intent to cause death to the victim. Trial counsel allowed petitioner to plead guilty to attempted murder and AWDWIKISI.

(Docket Entry 1, § 12, Ground One.)

Petitioner's second ground for relief is that "[t]rial counsel violated defendant's/petitioner's right to compulsory process" at the plea hearing, in violation of the Sixth and Fourteenth Amendments. (Docket Entry 1, Ground two.) In support, Petitioner contends:

---

[1] Respondent also expressly declines to waive the exhaustion requirement. (Docket Entry 3 at 1.) However, this Court is authorized to deny Petitioner's claims on the merits notwithstanding nonexhaustion. *See* 28 U.S.C. § 2254(b)(2).

4

> [d]uring the plea proceeding counsel failed to inform the court of the mitigating evidence of medical doctor i.e., Dr. Sayers which would have given the Court factual basis for the charge of only assault with a deadly weapon inflicting serious injury negating the attempted murder and intent to kill charges.

(*Id.*, Ground Two.)

Petitioner's third ground for relief is that "[t]he plea was not made intelligently or understanding the elements of the offenses nor the consequences regarding sentences." (*Id.*, Ground Three.) In support, Petitioner contends:

> [t]he defendant upon advise of counsel entered into a plea of guilty to the charges of attempted murder and AWDWIKISI when the medical evidence clearly showed that these charges were not supported by the physical findings i.e., injuries of the victim or supported by the medical doctors contrary conclusion regarding such evidence. The undisclosed medical evidence negates the charges and sentences.

(*Id.*, Ground Three.)

For the following reasons, all three grounds for relief lacks merit. To begin, Petitioner swore under oath in open court that he was in fact guilty of each of the charged offenses. (Docket Entry 5, Ex. 1 at pdf page 2.) However, Petitioner now appears to be contending that after he entered his guilty plea he discovered a letter from a doctor indicating that there was an insufficient factual basis to support his guilty plea. As a result, Petitioner is apparently arguing, his counsel—who allegedly had access to this letter prior to the plea but purportedly withheld it from Petitioner—was constitutionally ineffective in advising him to plead guilty.

"[R]epresentations of the defendant, his lawyer, and the prosecutor at . . . a [plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74

5

(1977). Absent "clear and convincing evidence to the contrary, [a petitioner] must be bound by what he said at the time of the plea." *Little v. Allsbrook*, 731 F.2d 238, 239 n.2 (4th Cir. 1984). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was incompetent. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also McMann v. Richardson*, 397 U.S. 759, 766 (1970) ("the plea is also a waiver of trial-and unless the applicable law otherwise provides, a waiver of the right to contest the admissibility of any evidence the State might have offered against the defendant . . . .").

Moreover, to prove ineffective assistance of counsel generally, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he suffered prejudice as result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Unsupported, conclusory allegations do not entitle a petitioner to relief. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, he would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court must determine whether "a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 130 S.Ct. 1473, 1485 (2010) (citing *Roe v. Flores-Ortega*, 528

6

U.S. 470, 480, 486 (2000)). This determination is an objective one which is "dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007).

Here, Petitioner's guilty plea is a formidable barrier to his claims. Specifically, in this case Petitioner executed a transcript at his change of plea. (Docket Entry 5, Ex. 1.) In it, Petitioner swore under oath in open court that he was 39 years-old, with a middle school education, that he could hear and understand the court, and that he was not under the influence of any substances. (*Id.* at 2.) He swore he discussed his charges with his attorney, who explained them to him, and swore further that he understood the nature of the charges, every element of each charge, and that he had discussed possible defenses, if any, with his attorney. (*Id.*) Petitioner swore that he was satisfied with counsel's legal services. (*Id.*)

Petitioner swore further that he pled guilty to the charges in question because he was in fact guilty. (*Id.* at 3.) Petitioner also swore that the only terms or conditions of his plea bargain were as follows: "The Defendant shall receive an active sentence of 157 – 198 months on the charge of attempted murder followed by an active sentence of 25 – 39 months on the class E. The remaining case consolidated." (*Id.* at 4.) Petitioner swore that he personally accepted this arrangement of his own free will fully understanding what he was doing and swore further that no one made any other promises or threatened him to cause him to enter this plea against his wishes. (*Id.*) Petitioner also agreed that there was a sufficient factual basis to support his plea. (*Id.*) Petitioner swore he had no questions connected to his case. (*Id.*)

Also, defense counsel certified that he explained to Petitioner the nature and elements of the charges to which Petitioner pled guilty along with the aggravating and mitigating factors

and prior record points for sentencing, to the extent there were any such factors or points. (*Id.*) The prosecutor also certified that the terms and conditions of the plea were correct. (*Id.*) The Superior Court found that there was a factual basis for the entry of the plea, that Petitioner was satisfied with his lawyer's services, that he was competent to stand trial, and that the plea was an informed choice made freely, voluntarily, and understandingly. (*Id.* at 5.) The Court then sentenced Petitioner in accordance with his plea to consecutive terms of 157-198 and 25-39 months of imprisonment, giving him the full benefit of his plea bargain. (*Id.*, Ex. 2.)

In light of this, Petitioner may not raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *Tollett*, 411 U.S. at 267; *McMann*, 397 U.S. at 766. The first three grounds in the instant Petition are a potential exception, however, because they allege a cause of action for ineffective assistance of counsel. Nevertheless, as noted previously, Petitioner faces the "formidable barrier" of his sworn statements made during the plea colloquy, which he can only overcome by demonstrating "clear and convincing evidence" in support of his claims. *Blackledge*, 431 U.S. at 73-74; *Little*, 731 F.2d at 239 n.2.

Such evidence is lacking here and Petitioner cannot demonstrate constitutionally ineffective assistance of counsel or that his change of plea was not knowingly and intelligently made. Petitioner asserts that counsel failed to explain to him all of the elements of the charged crimes, the nature of the charges, the consequences of pleading guilty, and a purported defense (intoxication). Conclusory assertions such as these are insufficient to overcome Petitioner's sworn statements to the contrary at his change of plea. As noted, Petitioner swore under oath at his change of plea that counsel explained to him all of the elements of his charges, the nature

8

of his charges, the contents of his plea agreement (which would include sentencing), and any defenses (which would include any potentially viable defense related to intoxication).[2]

Moreover, the letter to which Petitioner refers does not support his ground for relief in the manner he suggests. Specifically, Petitioner appears to predicate his grounds for relief on an exhibit attached to his MAR. This letter, apparently from his lawyer, is dated June 1, 2012 and suggests to a Dr. Dan Sayers that counsel wanted the doctor to rewrite an earlier opinion letter on the victim's injuries in such a way as to minimize the victim's injuries, in order to reduce Petitioner's crimes. (Docket Entry 5, Ex. 4 at pdf pages 27-28.) Nevertheless, even if Dr. Sayers agreed with the content of this June 1, 2012 proposed letter, Petitioner's grounds for relief still fail.

This is because the letter indicates that Petitioner repeatedly stabbed or slashed the victim, including while she lay on a bed. (*Id.*) Petitioner did this with a knife fourteen times, striking the victim in the chest, back, face, and neck. (*Id.*) Petitioner stabbed or slashed the victim so hard with the knife that it broke during the attack. (*Id.* at 28.)

Furthermore, the letter even acknowledges that one of the wounds to the face "would be considered potentially fatal." *Id.* More specifically, Dr. Sayer's wrote:

> I believe wound nine (9) preceded downward into the supraclavicular area, and would be the only wound that would be considered *potentially fatal*. If the victim's face were held far enough forward, this mechanism would potentially engage the neck, *generating a fatal wound*. Wound ten (10) appears to be a "slip off" wound from another attempt to strike the face. The wounds described as eleven (11) and twelve (12) on the left side of the

---

[2] Although it appears Petitioner may have been drinking beer the night he repeatedly stabbed the victim (Docket Entry 9, Ex. 3, at 2), the record here does not appear to provide sufficient evidence to support a viable intoxication defense. *See State v. Long*, 354 N.C. 534, 538 (2001); *State v. Hunt*, 345 N.C. 720, 727–28 (1997).

9

face were created by a downward slashing motion with the Defendant's dominant hand or, in the case of wound thirteen (13), a lateral slash directed toward the left ear. If the victim's head were turned at the time of these same motions occurred, you would expect to have generated wounds eleven (11) and (12).

(*Id.* (emphases added).)[3]

In short, regardless of what the doctor may have surmised or opined about Petitioner's legal intent, Petitioner's grounds for relief lack merit. The letter shows Petitioner attacked the victim with a knife stabbing or slashing her many times and that at least one of these attacks was potentially fatal. By any rational, objective legal standard, there was more than a sufficient factual basis to support Petitioner's convictions for attempted first-degree murder, AWDWIKISI, and secret assault.[4] Petitioner has not demonstrated that he entered into his guilty plea without full knowledge or involuntarily, nor has he demonstrated ineffective assistance of counsel. These three grounds lack merit and should be denied.

## Grounds Four

Petitioner's final ground for relief is that the "[t]trial court lacked personal and subject matter jurisdiction" and in support Petitioner asserts that he

---

[3] Petitioner has also supplemented the record with a fuller version (or another draft) of this letter which, in pertinent part, says substantially the same thing. (Docket Entry 9, Ex. A.) None of the versions of the letter on the record entitle Petitioner to any form of relief.

[4] Also, an objectively reasonable person in Petitioner's shoes would not have rejected the plea bargain and gone to trial on these facts, where he risked (and would likely have received) a much longer sentence. By way of non-exhaustive example, one of the drafts of the Sayer letter Petitioner has provided states that Petitioner repeatedly asked different people whether he had killed the victim after he stabbed her. (Docket Entry 9, Ex. A at 2-3.) These tacit admissions, along with the multiple stab wounds, would be very persuasive evidence at trial of Petitioner's guilt. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (prejudice prong under *Hill v. Lockhart* is an "objective inquiry"). Consequently, even if counsel erred as Petitioner claims, which is not the case, there is no reason to believe that but for this error Petitioner would have rejected the plea agreement and gone to trial.

10

> and the alleged victim (Ms. Ilda Mora) were at the time illegal aliens and were not subject to the laws of the state or Constitutions of N.C. or the United States in suit or equity but was only subject to the venue of the Immigration Courts as a matter of law.

(Docket Entry 1, Ground Four.)

In North Carolina, the Superior Court has "exclusive, original jurisdiction" over all criminal offenses against the laws of North Carolina, "not assigned to the district court division," regardless of the citizenship of the defendant. N.C. Gen. Stat. § 7A-271. Additionally, North Carolina trial division courts "have personal jurisdiction over those who commit crimes within the borders of the state." *State v. Goode*, 710 S.E.2d 301, 303 (N.C. Ct. App. 2011). Petitioner was charged with and convicted of violating North Carolina law in the state of North Carolina. Like Petitioner's first three grounds for relief, this fourth ground for relief also has no merit and should therefore also be denied.

## Motion to Expand the Record

Petitioner's motion to expand the record seeks to place before the Court a number of additional exhibits and documents. (Docket Entry 10 at 1-2.) The Court will grant this part of Petitioner's motion and has considered all of Petitioner's pleadings, attachments, and exhibits. None of this changes the Court's conclusions however. Petitioner also asks the Court to issue interrogatories upon both his state court attorney and Dr. Sayer. (*Id.* at 2-3.) For the following reasons, the Court will deny this request for discovery.

"Unlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)). Instead, to conduct discovery, a habeas petitioner

11

"must provide reasons for the request," Rule 6(b), Rules Governing Sect. 2254 Proceedings, that establish "good cause," Rule 6(a), Rules Governing Sect. 2254 Proceedings. "A showing of good cause must include specific allegations suggesting that the petitioner will be able to demonstrate that he is entitled to habeas corpus relief." *Stephens*, 570 F.3d at 204.

Here, Petitioner has failed to set forth good cause as to why discovery in any form is warranted. Petitioner fails to demonstrate any meaningful likelihood that, if he were permitted to conduct the desired discovery, he could more fully develop the facts and thereby demonstrate entitlement to relief. Consequently, this part of Petitioner's motion will be denied.

## CONCLUSION

For the reasons set forth above, Petitioner's grounds for relief lack merit and should therefore be denied. Neither a hearing nor, nor discovery, nor the appointment of counsel are warranted.

**IT IS THEREFORE ORDERD** that Petitioner's motion to expand the record (Docket Entry 10) is **GRANTED** to the extent Petitioner seeks to supplement the record as explained above, and **DENIED** in all other respects also for the reasons set forth above.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED**, that the Petition (Docket Entry 1) be **DENIED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

January 5, 2017